THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

FILED - EASTERN DIVISION
CLERK U.S. DISTRICT COURT
OCT 2 3 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
OCT 2 4 2007
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION  BY DEPUTY

Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

DOCKETED ON CM
OCT 2 4 2007

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY JO KITTOK, JOHN LONBERG,<br><br>          Plaintiff,<br><br>     v.<br><br>LOWE'S HIW, INC., a Washington Corporation, and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No. EDCV 06-1238-VAP (OPx)<br><br>**[Motion filed on August 17, 2007]**<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## I. BACKGROUND

Plaintiffs Kittok and Lonberg filed a Complaint ("Compl.") on September 18, 2006 for violations of (1) the Americans with Disabilities Act ("ADA"), (2) the Unruh Civil Rights Act, (3) the California Disabled Persons Act and (4) negligence against Defendant Lowe's HIW, Inc. ("Lowe's") and Does 1 through 100, inclusive in the California Superior Court for the County of Riverside. On November 13, 2006, Defendant Lowe's removed the action to this Court.

Defendant filed a Motion for Summary Judgment and a Memorandum of Points and Authorities ("Mem. P. & A.") and lodged a Statement of Uncontroverted Facts and Conclusions of Law on August 17, 2007. Plaintiffs filed an Opposition ("Opp'n") and a Statement of Genuine Issues ("St. of Issues") on August 28, 2007.

## II. LEGAL STANDARD

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson, 477 U.S. at 250.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998); Retail Clerks Union Local 648 v. Hub Pharmacy, Inc., 707 F.2d 1030, 1033 (9th Cir. 1983). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. Celotex, 477 U.S. at 325. Instead, the moving party's burden is met by pointing out that there is an absence of evidence supporting the non-moving party's case. Id.

The burden then shifts to the non-moving party to show that there is a genuine issue of material fact that must be resolved at trial. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256. The non-moving party must make an affirmative showing on all matters placed in issue by the motion as to which it has the burden of proof at trial. Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 252. See also William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 14:144.

A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court construes the evidence in the light most favorable to the non-moving party. Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991); T.W. Electrical Serv. Inc. v.

3

Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

## III. UNCONTROVERTED FACTS

The following material facts have been supported adequately by admissible evidence and are uncontroverted. They are "admitted to exist without controversy" for the purposes of this Motion. See L.R. 56-3.

Plaintiff John Lonberg is disabled and uses a wheelchair for mobility. [Statement of Uncontroverted Facts ("SUF") at ¶ 1.]

Plaintiff Mary Jo Kittok is disabled and uses a wheelchair for mobility. [SUF at ¶ 2.]

Defendant Lowe's HIW, Inc. owns and operates a store located at 9851 Magnolia Avenue, Riverside, California 92502. The store is located in a shopping center that includes multiple other stores and restaurants owned and operated by persons and entities other than Defendant. [Declaration of Ken Bryan ("Bryan Decl.") at ¶ 3.] [SUF at ¶ 3.]

On September 18, 2006, Plaintiffs filed the present lawsuit. Plaintiffs allege only one specific

4

accessibility complaint, in paragraph 8 of their Complaint, which states, in its entirety, as follows:
> During their visits [to Defendant's property], Plaintiffs encountered various violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including but not limited to, there is a lack of an accessible path of travel into Lowe's home furnishing store as there is no curb cut allowing them to travel from the parking area into the store. [Sic.]

[Compl. at ¶ 8.] [SUF at ¶ 4.]

Defendant's parking area, which contains wheelchair-accessible parking located directly in front of the entrance to the store, is on ground which is level to the front entrance. There are no curbs (and hence no need for curb cuts) between the parking area and the front entrance of the store. [Bryan Decl. at ¶ 4.] [SUF at ¶ 5.]

Plaintiffs testified that they first visited Defendant's store in 2001. [Lonberg Depo. at 48:18-49:10; Kittok Depo. at 47:20-22; 50:6-10.] [SUF at ¶ 7.]

1     Plaintiffs filed this lawsuit on September 18,
2 2006. [SUF at ¶ 8.]
3
4     Plaintiff Kittok testified at her deposition
5 that the present lawsuit was filed after the
6 following sequence of events:
7 •   She and Plaintiff Lonberg were talking;
8 •   She received a telephone call from Plaintiffs'
9     Counsel, calling her about an unrelated matter;
10 •   She told Plaintiffs' Counsel "I got a Lowe's
11     case for you;"
12 •   Plaintiff Lonberg told her "Tell [Plaintiffs'
13     Counsel] I wanted to be with you;"
14 •   She then made a single toll free telephone call
15     to Plaintiffs' Counsel's office, during which
16     she spent between 15 and 30 minutes providing
17     information to "just the receptionist. . . or
18     Lauren or Jessica, the other women in the
19     office" (she was not sure to whom she spoke).
20     According to Plaintiff Kittok, "And that was how
21     it happened."
22 [Kittok Depo. At 45:9-46:10.] [SUF at ¶ 9.]
23
24     Plaintiffs' Counsel thereafter filed Plaintiffs'
25 Complaint. Plaintiff Lonberg admitted at his
26 deposition that he was not provided with a copy of
27 Plaintiffs' Complaint and did not review Plaintiffs'
28

Complaint before Plaintiffs' Counsel filed it with the Court. [Deposition of John Lonberg ("Lonberg Depo.") at 47:9-48:1.] Similarly, Plaintiff Kittok testified that she did not know if she had ever seen a copy of Plaintiffs' Complaint before her deposition, and in any event, had no specific recollection that she had seen it before. [Kittok Depo. at 45:9-46:10.] [SUF at ¶ 10.]

At deposition, rather than discussing the claim actually pled in their Complaint, which both Plaintiffs expressly renounced, Plaintiffs discussed other accessibility problems that they believe exist at the shopping center where Defendant's store is located. For example, Plaintiffs testified regarding alleged accessibility barriers at Quiznos Subs, Cold Stone Creamery, Verizon Wireless, REA Riverside and the public sidewalks owned and operated by the City of Riverside. [SUF at ¶ 13.]

Defendant does not own any of those retail stores nor does it have any ownership interest in or control over the REA Riverside or City of Riverside sidewalks, or the parking lot areas immediately adjacent to them, or any of them. [SUF at ¶ 14.]

Plaintiffs have continued to prosecute the lawsuit and have not dismissed it, despite a "meet and confer" request to do so by Defendant's Counsel. [SUF at ¶ 15.]

Defendant has incurred more than $25,000.00 in attorney's fees and costs in defending this lawsuit. [SUF at ¶ 16.]

## IV. DISCUSSION

The material facts are not disputed. Both Plaintiffs and Defendant agree that the First Amended Complaint sets forth that Plaintiffs encountered "various violations" of the ADAAG, "including but not limited to," "a lack of an accessible path of travel into Lowe's home furnishing store as there is no curb cut allowing them to travel from the parking area into the store." [Compl. at ¶ 8.] Both parties also agree that Defendant's parking area is on the same level as Defendant's front entrance and there is no curb between Defendant's parking area and Defendant's front entrance. [Lonberg Depo. at 69:15-70:10; Kittok Depo. at 57:8-57:16; Mem. P. & A. at 3.]

Thus, the only issue in this motion is whether Plaintiffs can proceed forward on the various other violations claimed by them during discovery. Defendant contends that the only claim pleaded in the Complaint is

the lack of a curb cut between Defendant's parking lot and Defendant's front entrance, and therefore it is entitled to summary judgment in its favor. [Mem. P. & A. at 3.]

Alternatively, Defendant argues that Plaintiffs' claims should be dismissed as a matter of law because (1) they are barred by the statute of limitations and (2) there is no present, live controversy. [Mem. P. & A. at 6, 8.]

**A.  The "Curb Cut" Claim**

Defendant argues that the inclusion of claims not specified in the Complaint fails to give it fair notice of Plaintiff's claims under Ninth Circuit precedent. [Mem. P. & A. at 4- 6 (citing Pickern v. Pier 1 Imports (U.S.), Inc. ("Pickern I"), 339 F.Supp. 2d 1081, 1088 (E.D. Cal. 2004); *aff'd*, Pickern v. Pier 1 Imports (U.S.), Inc. ("Pickern II"), 457 F.3d 963 (9th Cir. 2006); Wilson v. Norbreck, LLC, No. Civ. S-040690 DFL JFM, 2005 WL 3439714 (E.D. Cal. 2005); Sanford v. Roseville Cycle. Inc., No. Civ. 04-1114 DFL CMK, 2007 WL 512426 (E.D. Cal. 2007); Sanford v. Robinson, Inc., No. 2:05-CV-1941-GEB, 2006 WL 1867616 (E.D. Cal 2006).]

Defendant's argument and citations of Ninth Circuit cases in its support are persuasive. In Pickern I, the

plaintiff introduced new allegations of discrimination for the first time in her opposition to defendant's summary judgment motion. The district court held:

> To permit plaintiff to construe her complaint as entirely generic and, throughout the litigation, incorporate any new factual allegations without seeking amendment would read the "fair notice" requirement out of Rule 8(a) and would seriously undermine the rule's goal of encouraging expeditious resolution of disputes.

Id. at 1088.

In Pickern II, the appellate court affirmed the lower court's ruling stating that:

> [p]roviding a list of hypothetical possible barriers is not a substitute for investigating and alleging the grounds for a claim. . . [t]hus, the complaint gave the [defendant] no notice of the specific factual allegations presented for the first time in [plaintiff's] opposition to summary judgment.

In the present case, the new claims were alleged during Plaintiffs' depositions, rather than after close

of discovery as in Pickern I. Nevertheless, Defendant did not receive sufficient notice of Plaintiffs' specific factual allegations. Even during Plaintiffs' depositions, it was far from clear upon what grounds Plaintiffs' new claims are based.

In Wilson, the plaintiff alleged more than sixty different ADA violations in three different documents. The district court noted, "[t]o make matters more confusing, [defendant] lists some of the alleged violations in all three documents, others in two of the three documents, and still others in only one document." Wilson, 2005 WL 3439714 at 1. The district court refused to allow plaintiff to move for summary judgment on claims that were not included in the complaint or in any timely amendment to the complaint. Id. at 2.

In Sanford v. Roseville, the defendant failed to respond to any motions, requests for discovery, and court orders. Plaintiff moved for summary judgment and the district court did not allow Plaintiff to rely on an expert report to allege barriers not identified in the complaint. Id. at 1. In Sanford v. Robinson, the district court did not allow modifications for violations proposed in a judgment agreed upon by the parties but not in the complaint.

In the present case, the Complaint alleges "various violations" of the ADAAG; however, it does not specify the grounds for these alleged violations.  Defendant has not received sufficient notice of Plaintiffs' specific factual allegations.  Thus, Plaintiffs have failed to allege that Defendant is noncompliant with the ADAAG.  In all of the above cases the district court consistently denies inclusion of disability discrimination claims that were not alleged in the complaint but were later specified.

**B.   Other Violations Alleged by Plaintiffs**

The Court declines to consider new purported violations not alleged in the Complaint.  It notes that even if such newly-asserted violations are examined, however, Plaintiffs make absolutely no showing that Defendant owns or controls the properties where such alleged violations occurred.

Defendant demonstrates here that it does not own or control any of the properties where Plaintiffs allege the ADAAG violations occurred.  [SUF at ¶ 14.]  Since Plaintiffs failed to dispute such material facts regarding Defendant's ownership or control presented in Defendant's Statement of Uncontroverted Facts, the Court accepts them as true.  Thus, Plaintiffs have failed to demonstrate that Defendant is noncompliant with the

ADAAG, that Plaintiffs have encountered barriers to access on Defendant's property, and that such barriers deterred Plaintiffs from visiting Defendant's property.

The Court does not reach Defendant's arguments regarding the statute of limitations and lack of present, live controversy as they are moot.

**C. Sanctions and Attorney's Fees**

Defendant argues that "[a] reasonable pre-lawsuit investigation of facts and law would have demonstrated that Plaintiffs' claims never should have been filed," and it "should not have been prosecuted further once Plaintiffs' deposition was taken[.]" [Mem. P. & A. at 13.] Defendant requests "an award of monetary sanctions against Plaintiffs and Plaintiff's Counsel[.]" [Id.]

Although it is not clearly stated in Defendant's Motion, the main basis for Defendant's request for sanctions and attorney's fees is the fee-shifting provision of the ADA (42 U.S.C. § 12205). [Mem. P. & A. at 10-12.] A court may award a prevailing party reasonable attorney's fees under the ADA; the ADA does not specify under what circumstances such an award is appropriate, however. [42 U.S.C. § 12205.] The Ninth Circuit has adopted the standard set forth in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978),

which governs fee shifting under Section 706(k) of Title VII, to apply to the ADA fee-shifting provision.[1] See Summers v. A. Teichert & Son, Inc., 127 F.3d 1150 (9th Cir. 1997).

Under the Christianburg standard a prevailing defendant may not receive fees "unless a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg, 434 U.S. at 422. The Christiansburg court did not require that an action be brought in "subjective bad faith," but held that "if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." Id.

Here, Plaintiffs specified an ADAAG violation in their Complaint that they admit is baseless. [Lonberg Depo. at 69:15-70:10; Kittok Depo. at 57:8-57:16 (testifying that Defendant's parking area is on the same level as Defendant's front entrance and there is no curb between Defendant's parking area and Defendant's front

---

[1] Other Circuits also have applied the Christiansburg standard to the ADA fee-shifting provision. See Small v. Dellis, 211 F.3d 1265 (4th Cir. 2000); Bruce v. City of Gainesville, 177 F.3d 949, 951-52 (11th Cir. 1999); Bercovitch v. Baldwin School, Inc., 191 F.3d 8, 11 (1st Cir. 1999); see also Adkins v. Briggs & Stratton Corp., 159 F.3d 306, 307-08 (7th Cir. 1998).

entrance).] Plaintiffs testified that they had made multiple visits to Defendant's store beginning in 2001 and the present action was filed on September 18, 2006. [Lonberg Depo. at 48:18-49:10; Kittok Depo. at 47:20-22; 50:6-10; SUF at ¶ 8.]

It is clear that the lack of a curb between Defendant's parking area and Defendant's front entrance can be determined from even just one visit. [SUF at ¶ 5.] It is also clear that Plaintiffs' Counsel failed to investigate or even discuss the alleged ADAAG violation with Plaintiffs as neither Plaintiff had reviewed the Complaint before it was filed. [SUF at ¶ 10.] Further, as previously stated above, Plaintiffs make no evidentiary showing with respect to the other ADAAG violations alleged against Defendant. Once again, Plaintiffs' Counsel failed to investigate whether the alleged ADAAG violations occurred on Defendant's property.

Plaintiffs' ADAAG violations claims were objectively meritless in light of the prosecution history and relevant legal principles. Under the Christiansburg standard, subjective intent is not required for an award of attorney's fees. The Court finds that this is an appropriate case for an award of attorney's fees to the prevailing party.

|   |   |
|---|---|
| 1 | In light of the responsibility vested in counsel as a |
| 2 | member of the state bar and as a duly-admitted member of |
| 3 | the bar admitted to practice before this Court, the Court |
| 4 | finds that the fees should be borne not by his clients in |
| 5 | this case, but by counsel Mark Potter's firm, Center for |
| 6 | Disability Access, LLP.  Mr. Lonberg and Ms. Kittok had |
| 7 | no opportunity to review the Complaint before it was |
| 8 | filed with this Court.  Hence, they had no chance to |
| 9 | correct the inaccurate pleading in it regarding a curb |
| 10 | barrier which did not exist.  Mr. Potter not only had the |
| 11 | opportunity and duty to investigate, under Rule 11 of the |
| 12 | Federal Rules of Civil Procedure, for example, the |
| 13 | accuracy of the allegations in the Complaint before it |
| 14 | was filed, he also had the duty, when the inaccuracy of |
| 15 | the allegation was brought to his attention during his |
| 16 | clients' depositions, to investigate further and desist |
| 17 | from further litigation.  He abrogated his duty in both |
| 18 | instances.  Center for Disability Access, LLP, and not |
| 19 | its clients, shall pay sanctions in the amount of |
| 20 | $25,000.00[2] to Defendant. |
| 21 | /// |
| 22 | /// |
| 23 | /// |
| 24 | |

---

[2] In arriving at this figure, the Court has considered the amount of reasonable attorney's fees actually incurred by Defendant in defending this action, as reflected in the billings submitted by defense counsel.  See Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987).

**D.  Remand**

Under 28 U.S.C. Section 1367, this Court may decline supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In this Order, the Court grants summary judgment on the claim that provided the basis for federal question jurisdiction and therefore exercises its discretion and declines to exercise jurisdiction over the remaining state law claims.

A case shall be remanded when the court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c). The Court remands the remaining state claims to the Superior Court of California for the County of Riverside.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment with respect to the ADA claim, and GRANTS Defendant's request for sanctions in the amount of $25,000.00, against Plaintiffs' counsel Mark Potter's firm, Center for Disability Access, LLP only. The Court remands the remaining state claims to the Superior Court of California for the County of Riverside.

///

///

1 | The Clerk of Court is directed to forward a copy of
2 | this order to the California State Bar, Office of
3 | Disciplinary Proceedings.

5 | **IT IS SO ORDERED.**

9 | Dated: Oct. 22, 2007

                            VIRGINIA A. PHILLIPS
                            United States District Judge